UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMIEN MIMS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-01599-B |
| | § | |
| GENERAL NUTRITION CORPORATION, | § | |
| GN OLDCO CORP. | § | |
|     Defendants. | § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PRETRIAL DISCLOSURES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff in the above entitled cause and file these objections to Defendants' Pretrial Disclosures, in support of which would respectfully show the following:

I.   Exhibits

1. Plaintiff objects to the following exhibits on Defendants' exhibit list that relate to store visits, store audits and Mr. Mims' "car issues." These are irrelevant under Fed. R. Evid. 401 "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Mr. Mims was fired allegedly for lying during an investigation. These documents have no bearing on his termination or any allegation in this suit.

* Inlow Store Visit Reports GNC 497—504

* Email between Inlow and Milhousen GNC 505—507

* Critical Point Audit  GNC 576—607

* Critical Point Audit GNC 642—677

* Shrink Awareness Audit  GNC 816—817

* Shrink Awareness Audit  GNC 822—833

\*        Long Store Visit  GNC 824—832

\*        Short Store Visit  GNC 833—836

2.        Under Fed. R. Evid. 401, Plaintiff objects to the fee agreement between Plaintiff and his attorneys (Plaintiff 180—183) as irrelevant to any issue in this suit.  Attorney's fees, if any, will be awarded by the Court after the verdict is determined.

3.        Under Fed. R. Evid. 401, 404, Plaintiff objects to the Citation and Original Petition in Suit Affecting the Parent-Child Relationship (Plaintiff 184—193) as irrelevant to any issue in this suit and offered solely to inflame the jury.  Any potential probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.

4.        Under Fed. R. Evid. 401, 404, Plaintiff objects to the Mims Child Support Order (GNC 98—113) as irrelevant to any issue in this suit and offered solely to inflame the jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.

5.        Under Fed. R. Evid. 401, 404, Plaintiff objects to the EEOC Dismissal and Notice of Right to Sue (GNC 151) as irrelevant to any issue in this suit.  There is no issue relating to timeliness that would be addressed by this document.  Furthermore, the dismissal itself states that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does **not** certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge."  (emphasis added).  There is no way to examine the investigator or call them as a witness to establish the breadth (or lack thereof) of the "investigation" or whether the investigator ever even interviewed a single witness.  Thus, there is a lack of reliability of the

statement in the dismissal, it is confusing and would be very misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice.

5. Under FED. R. EVID. 401, 404, Plaintiff objects to Resume of Damien Mims (Plaintiff 194). This document was not provided to Defendant prior to hiring and is irrelevant to any issue in this suit. Any potential probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.

6. Under FED. R. EVID. 401, 404, Plaintiff objects to Records of Arlington School District (GNC 880—891). On his employment application, Plaintiff stated that he attended Bowie High School and on the application also represented that he had graduated from high school. Both of those statements are true. However, Plaintiff did not graduate from Bowie High School. Defendant is apparently going to offer these documents to try and show that Plaintiff is a liar. However, such a collateral attack by after acquired evidence is only admissible if the Defendant can show that had it discovered such information while Plaintiff was employed, he would have been terminated. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995). Such an argument under these circumstances would be a disingenuous attempt on the part of the Defendant solely to prejudice the jury. The Defendant's records indicated that it completed a background check on Mr. Mims and obtained whatever information it deemed necessary to determine his qualifications. Any potential probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury.

FOR THE REASONS STATED, Plaintiff prays that Defendant's exhibits be stricken and for such further relief as justice may require.

Respectfully submitted,

s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
hutch@hsjustice.com

Christopher E. Stoy
Texas Bar No. 24075125
cstoy@hsjustice.com

HUTCHISON & STOY, LLP
509 Pecan St., Ste. 201
Fort Worth, Texas 76102
Tel. 817-820-0100
Fax 817.820-0111

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of October 2014, a true and correct copy of the above and foregoing document was served on the following attorney of record via the court's electronic service:

W. Gary Fowler
Sarah D. Mitchell
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

s/Susan E. Hutchison
Susan E. Hutchison