**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAMIEN MIMS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-cv-1599-B** |
| | § | |
| **GENERAL NUTRITION CORP., GN** | § | |
| **OLDCO CORP.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT GENERAL NUTRITION CORP.'S OBJECTIONS**
**TO PLAINTIFF'S PRETRIAL DISCLOSURES**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant General Nutrition Corp. ("GNC") hereby provides its objections to Plaintiff's

Pretrial Disclosures (Dkt. 34), and would respectfully show the Court as follows:

**Objections to Plaintiff's Disclosed Witnesses:**

GNC reserves the right to object at trial to the topics of any witness's testimony.  These

objections are not intended to waive any objections to specific topics or questions posed at trial.

| Witness | GNC's Objections |
|---|---|
| Mariah Taylor | GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by Ms. Taylor.  GNC further objects that any testimony provided by this witness comes from Plaintiff Mims and is inadmissible hearsay.  Ms. Taylor's information is also prejudicial and cumulative.  GNC objects to this witness under Fed. R. Evid. 401, 403, 602 and 802. |
| Ellaine Reily | GNC is unaware of any current or prior GNC employee named "Ellaine Reily."  GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by "Ellaine Reily."  GNC objects to this witness under Fed. R. Evid. 401 and 402. |

| Witness | GNC's Objections |
|---------|------------------|
| Deatric Jones | GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by Mr. Jones.  GNC further objects that any testimony provided by this witness will be confusing and a waste of time.  GNC objects to this witness under Fed. R. Evid. 401 and 403. |
| Laquitta Fennell | GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by Ms. Fennell.  GNC further objects that any testimony provided by this witness comes from Plaintiff Mims and is inadmissible hearsay.  Ms. Fennell's information is also prejudicial and cumulative.  GNC objects to this witness under Fed. R. Evid. 401, 403, 602 and 802. |
| Nathaniel Williams | GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by Mr. Williams. GNC further objects that any testimony provided by this witness comes from Plaintiff Mims and is inadmissible hearsay.  Mr. Williams' information is also prejudicial and cumulative.  GNC objects to this witness under Fed. R. Evid. 401, 403, 602 and 802. |
| Felix Williams | GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by Mr. Williams. GNC further objects that any testimony provided by this witness comes from Plaintiff Mims and is inadmissible hearsay.  Mr. Williams' information is also prejudicial and cumulative.  GNC objects to this witness under Fed. R. Evid. 401, 403, 602 and 802. |
| Mary Ann | GNC objects that Plaintiff has not identified and/or disclosed any relevant information allegedly known by "Mary Ann." GNC further objects that any testimony provided by this witness will be a waste of time.  GNC objects to this witness under Fed. R. Evid. 401 and 403. |

**Objections to Plaintiff's Rule 26(a)(3) Deposition Designations:**

Defendant reserves the right to submit its objections to the specific page and line deposition designations submitted by Plaintiff in his Pretrial Disclosures on the date identified in the Court's Scheduling Order in this case.

**Objection to Use of Deposition of John Reynolds:**

Pursuant to Rule 26(a)(3), GNC objects to Plaintiff's designation of John Reynolds as a witness whose testimony is expected to be presented by means of a deposition, because the requirements of Rule 32(a) are not met with respect to Mr. Reynolds.  Mr. Reynolds lives and works within 100 miles from Dallas.  Mr. Reynolds' deposition may not be used in lieu of live testimony at trial because Mr. Reynolds is not a party and does not fall within any of the provisions enumerated in Rule 32(a)(4)(A-E).  Fed. R. Civ. P. 32(a).

**Objection to Use of Deposition of Kevin Griggs:**

Pursuant to Rule 26(a)(3), GNC objects to Plaintiff's designation of Kevin Griggs as a witness whose testimony is expected to be presented by means of a deposition, because the requirements of Rule 32(a) are not met with respect to Mr. Griggs.  Mr. Griggs is a current employee of GNC who lives and works within 100 miles from Dallas.  Mr. Griggs' deposition may not be used in lieu of live testimony at trial because Mr. Griggs is not a party and does not fall within any of the provisions enumerated in Rule 32(a)(4)(A-E).  Fed. R. Civ. P. 32(a).

**Objections to Plaintiff's Disclosed Exhibits:**

| Description | Bates No. | GNC's Objections |
|---|---|---|
| Sales Figures Associates & Managers | Plaintiff 47-53 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Weekly KIP Indicators by Employee Number | Plaintiff 62 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Division 3, Region #36 Rankings WTD for WE 6/30/12 | Plaintiff 64 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Defendant's EEOC Position Statement | Plaintiff 241-245 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit.   Further, any potential probative value is substantially outweighed by a danger of unfair prejudice.  GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802. |

| Description | Bates No. | GNC's Objections |
|---|---|---|
| Store Manager List | GNC 288 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Sales by Part Time | Plaintiff 54-55 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Sales by Management | Plaintiff 56 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Center Listing-Region Summary | Plaintiff 57 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Certificate of Achievement | Plaintiff 58-59 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.   This proposed exhibit has no bearing on Plaintiff's |

| Description | Bates No. | GNC's Objections |
|---|---|---|
| | | termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Congrats letter for Anatabloc module | Plaintiff 60-61 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.    This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| Expected Hours Work Plan | Plaintiff 67 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401.    This proposed exhibit has no bearing on Plaintiff's termination or any allegation in this lawsuit. In addition, the probative value is substantially outweighed by the danger that the proposed exhibit will confuse the issues and create unnecessary delay and waste time. Fed. R. Evid. 403. |
| TWC decision | Plaintiff 117-122 | GNC objects that this proposed exhibit is not admissible evidence in accordance with Tex. Lab. Code Ann. § 213.007.   Further, the determination is inadmissible hearsay, and the probative value of the determination is outweighed by the likelihood that the determination would confuse the issues of discrimination (as opposed to eligibility for unemployment compensation) and mislead the jury. Fed. R. Evid. 401, 403. |
| TWC Right to Sue | Plaintiff 123-124 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit.   The proposed exhibit is |

| Description | Bates No. | GNC's Objections |
|---|---|---|
| | | confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. |
| EEOC Charge | Plaintiff 125 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit. The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802. |
| EEOC Right to Sue | Plaintiff 126-127 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit. There is no way to fully examine the basis for the EEOC's Dismissal and Notice of Right to Sue. Thus, there is a lack of reliability of this proposed exhibit, it is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. |
| Plaintiff's notes | Plaintiff 138-139 | GNC objects to this proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802. GNC further objects that this proposed exhibit contains improper bolstering as it does not make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the proposed exhibit. GNC objects that the document is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 401, 403. |

| Description | Bates No. | GNC's Objections |
|---|---|---|
| Plaintiff's additional notes | Plaintiff 140-141 | GNC objects to this proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802.  GNC further objects that this proposed exhibit contains improper bolstering as it does not make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the proposed exhibit.  GNC objects that the document is confusing and would be misleading to a jury.  Any potential probative value is substantially outweighed by a danger of unfair prejudice.  GNC also objects that the document is not legible and is incomplete. Fed. R. Evid. 401, 403. |
| TWC Certified Records | Plaintiff 195-216 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit.  The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements.  Fed. R. Evid. 801-802. |
| TWC Audio Recording February 25, 2013 | | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit.  The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements.  Fed. R. Evid. 801-802. |
| TWC Audio Recording April 5, 2013 | | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this |

| Description | Bates No. | GNC's Objections |
|---|---|---|
| | | lawsuit that would be addressed by this proposed exhibit. The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802. |
| TWC Hearing Transcript February 25, 2013 | | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit. The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802. |
| TWC Hearing Transcript April 5, 2013 | | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit. The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay statements. Fed. R. Evid. 801-802. |
| EEOC file | Plaintiff 222-324 | GNC objects to the relevancy of this proposed exhibit under Fed. R. Evid. 401 and 403. There is no issue that is relevant to this lawsuit that would be addressed by this proposed exhibit. The proposed exhibit is confusing and would be misleading to a jury. Any potential probative value is substantially outweighed by a danger of unfair prejudice. GNC also objects to the proposed exhibit because it contains inadmissible hearsay |

| Description | Bates No. | GNC's Objections |
|---|---|---|
| | | statements.  Fed. R. Evid. 801-802. |

Dated this 8th day of October, 2014.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: */s/ W. Gary Fowler*

W. Gary Fowler
State Bar No. 07329250
Sarah D. Mitchell
State Bar No. 24045792
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email:  gfowler@jw.com
           smitchell@jw.com

**ATTORNEYS FOR DEFENDANT GENERAL
NUTRITION CORP.**

**CERTIFICATE OF SERVICE**

On October 8, 2014, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

Susan E. Hutchinson
Hutchison & Stoy, PLLC
509 Pecan, St. 200
Fort Worth, TX  76102
(817) 336-5533
(817) 336-9005 fax
hutch@seeyouincourt.com

By: */s/ Sarah D. Mitchell*

Sarah D. Mitchell